James Schollian, ASB 022015
𝕿𝖍𝖊 𝕾𝖈𝖍𝖔𝖑𝖑𝖎𝖆𝖓 𝕷𝖆𝖜 𝕱𝖎𝖗𝖒, 𝕻.𝕮.
1146 North Mesa Drive, Ste. 102/252
Mesa, AZ 85201
Tel: 602-692-9681
Fax: 602-266-8097
E-mail: scholljjs1@gmail.com
Attorney for Defendants

UNITED STATES BANKRUPTY COURT
DISTRICT OF ARIZONA

In Re

Darren Scott and Katheryn Scott

Chapter 7 Debtors

_____

Chris Sabia and Pamela Sabia, husband and wife

   Plaintiffs,

vs.

Darren Scott and Katheryn Scott, husband and wife,

 Defendants.

_____

Chapter 13 Case No 3:13-bk-02829-DPC

ANSWER TO COMPLAINT

**Adv. Proceeding No. 3:13-ap-01026-DPC**

## I.    Introduction

Defendants, by and through their attorney of record in this matter, respectfully answer

and respond the "General Allegations" as set forth in the Plaintiffs' Compliant, (hereinafter

"Complaint" as follows:

- 1

## II.     Response to Plaintiffs' Allegations

1. As to paragraph one (1) of the Complaint, Defendants admit they are husband and wife.  Defendants deny all other allegations of paragraph one (1) of the Complaint;

2. As to paragraph two (2) of the Complaint, Defendants admit they are husband and wife and that at various times and for various matters that they have been represented by the firms and individuals named in paragraph two (2).  Defendants deny each and every other fact as alleged by paragraph two (2) of the Complaint;

3. Defendants deny each and every fact as alleged in paragraph numbered three (3) of the Complaint;

4. As to paragraph numbered four (4) of the Complaint, Defendants admit they have been represented by "Lawyers" as described in paragraph numbered four (4) of the Complaint.  Defendants deny each and every fact as alleged in paragraph numbered four (4) of the Compliant;

5. As to paragraph number five (5),  Defendant deny each and every fact as alleged therein;

6. As to paragraph numbered six (6),  Defendants deny each and every fact as alleged therein;

7. As to paragraph numbers seven (7), Defendants deny each and every fact as alleged herein;

8. Defendants deny each and every fact as alleged in paragraph numbered eight (8) of the Compliant;

9. Defendants deny each and every fact as alleged in paragraphs nine (9) through and including paragraph numbered thirty-two (32), and each and every subpart to therein;

10. Defendants deny each and every fact as alleged in paragraphs thirty-three (33) through and including paragraph numbered forty-six (46), and each and every subpart therein;

11. Defendant's deny each and every fact as alleged in in the Complaint, not specifically denied to in this Answer;

12. Defendants deny each and every fact as applied and alleged in the "Introductory Statement," set forth in the Complaint;

**III.    Affirmative Defenses**

1. Defendants assert that the claims set forth in the Plaintiffs' complaint are barred by a previously dismissed adversary proceeding, to wit:  Adversary No. 3-13-ap-00499-DPC;

2. Defendants assert that the Plaintiffs have failed to state a claim upon with relief can be granted, in accordance with the Federal Rules of Civil Procedure, and the rules of this Court;

3. Defendants Assert that this Court lacks jurisdiction to her this matter before this Court;

4. Defendants assert that it is within this Court's discretion, and in the best interests of justice, not to assert any jurisdiction in this matter, and to defer to the jurisdiction of the Maricopa County Superior Court;

5. Defendants assert that the Plaintiffs' claims are barred by their affirmative defenses, including but not limited to: the Bankruptcy Stay, Waiver, Latches, Collateral Estoppel, Res Judicata, preemption by federal or other law, accord and satisfaction, arbitration and award, assumption of risk, economic loss rule, contributory or comparative negligence, intervening cause, supervening cause, claimants own conduct, or by the conduct of its agents, representatives, and consultants, discharge in bankruptcy, duress, estoppel, recoupment, cardinal change, set off, failure of consideration, fraud (generally, as an equitable defense, as opposed to fraud in the inducement, below), fraud in the inducement, illegality, injury by fellow servant, borrowed servant, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, unclean hands, no adequate remedy at law, failure to mitigate damages (or, in some circumstances, successful mitigation of damages), rejection of goods, revocation of acceptance of goods, conditions precedent, discharge, failing to plead fraud with particularity, no reliance, attorneys' fees award not permissible, punitive damages not permissible, lack of standing, sole negligence of co-defendant, offset, collateral source rule (common law) or as codified in statute (see, e.g., C.R.S. Section 13-21-111.6), improper service, failure to serve, indemnity, lack of consent, mistake, undue influence, unconscionability, adhesion, contrary to public policy,

- 4

restraint of trade, novation, ratification, alteration of product, misuse of product, charitable immunity, misnomer of parties, failure to exhaust administrative remedies, frustration of purpose, impossibility, preemption, prior pending action, improper venue failure to join an indispensable party, no private right of action, justification, necessity, execution of public duty, breach by plaintiff, failure of condition precedent, anticipatory repudiation, improper notice of breach, breach of express warranty, breach of implied warranty, parol evidence rule, unjust enrichment, prevention of performance, lack of privity, merger doctrine, learned intermediary or sophisticated user doctrine, adequate warning and all other affirmative defenses provided in law and equity;

6. Defendants assert that the Plaintiffs' Adversary Complaint was improperly filed and failed to comply the Federal Bankruptcy Rule 7008;

Wherefore, Defendants pray for the following relief from this Court:

1. An order denying each and every claim set forth in the Compliant;

2. An order dismissing the Plaintiff's Complaint with prejudice;

3. An award of costs and attorney fees for the Defendant's costs to defend this action;

4. Any and all other relief this Court sees fit to grant.

**RESPECTFULLY SUBMITTED** this 28th day of October, 2013

The Schollian Law Firm, P.C.

/s/James Schollian
James Schollian
Attorney for Debtor

A true and accrete copy of this
Answer has been sent to the
following party this 28th day
of October 2013:

Mr. Peter Strojnik
Attorney for Plaintiffs
2415 East Camelback RD, Suite 700
Phoenix, AZ 85016
Email: ps@strojnik.com

/s/ JJS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7